UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWENA ESTILLORE,<br><br>           Plaintiff,<br><br>      v.<br><br>CAPGEMINI AMERICA, INC.,<br><br>           Defendant. | Case No. 23-cv-05816-JD<br><br>**ORDER RE ARBITRATION** |

        Pro se plaintiff Rowena Estillore has filed a complaint against her former employer, defendant Capgemini America, Inc. Dkt. No. 1-1. Capgemini asks to send the case to arbitration pursuant to the Federal Arbitration Act (FAA) and a binding arbitration clause in Estillore's employment agreement. Dkt. No. 11. Estillore did not file an opposition, which was due by January 5, 2024 (*see* Civ. L. R. 7-3(a)), or otherwise communicate with the Court. The motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and arbitration is granted.

        The Court has detailed the standards governing a motion to compel arbitration under the FAA in several prior orders, which are incorporated here. *See Louis v. Healthsource Glob. Staffing, Inc.*, No. 22-cv-02436-JD, 2022 WL 4960666 (N.D. Cal. Oct. 3, 2022); *Williams v. Eaze Sols., Inc.*, 417 F. Supp. 3d 1233 (N.D. Cal. 2019). In pertinent part, the Court's role under Section 4 of the FAA "'is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue.'" *Cornet v. Twitter, Inc.*, No. 22-cv-06857-JD, 2023 WL 187498, at *1 (N.D. Cal. Jan. 13, 2023) (quoting *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004)).

1   The record establishes that Estillore accepted an employment contract that contained a
2   binding arbitration clause requiring arbitration of "any dispute … arising out of or relating to or
3   concerning the provisions of this [employment] Agreement … or otherwise concerning any
4   rights[,] obligations or other aspects of the employment relationship, including, without limitation,
5   discrimination or retaliation claims…." Dkt. No. 11-7 at ECF p. 5.  *See* Dkt. No. 11-3 ¶ 16.

6   Estillore has not apprised the Court of any basis to deny arbitration, but she responded to
7   Capgemini's pre-motion demand letter by stating: "The offer letter does not account for all
8   charges.  I am saying NO to ARBITRATION." Dkt. No.11-2 at 1.  Read with the liberality
9   afforded pro se litigants, this statement indicates that Estillore believes her claims (i.e., "charges")
10  fall outside the scope of the arbitration agreement that she accepted.  But the arbitration agreement
11  incorporates the Employment Arbitration Rules of the American Arbitration Association, Dkt.
12  No. 11-7 at ECF p. 5, which means that any disputes about its scope were delegated to the
13  arbitrator and may not be decided at this time by the Court. *See McLellan v. Fitbit, Inc.*, No. 16-
14  cv-00036-JD, 2017 WL 4551484, at *3 (N.D. Cal. Oct. 11, 2017) (citing *Brennan v. Opus Bank*,
15  796 F.3d 1125 (9th Cir. 2015)).

16  Consequently, the motion to compel arbitration is granted, and this case is dismissed.

17  **IT IS SO ORDERED.**

18  Dated: January 26, 2024

JAMES DONATO
United States District Judge